IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-753 (LPS) |
| v. | ) | C.A. No. 21-196 (LPS) |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

This _____, 2021, pursuant to the Court's order in Civil Action Nos. 20-753 and 21-196 for Plaintiff Silvergate Pharmaceuticals, Inc. ("Plaintiff" or "Silvergate") and Defendant Annora Pharma Private Limited ("Annora" or "Defendant") to confer and submit a proposed scheduling order, and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; *see* Chambers, Judge Leonard P. Stark, Patent Cases), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.  Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) **within five (5) days of the date of this Order**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

1

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 15, 2021**.

3. <u>Application to Court for Protective Order</u>.  Should counsel find it necessary to apply to the Court for a protective order specifying the terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within fifteen (15) business days from the entry of this Order**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(h) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal</u>.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), <u>such party should expressly note that intent at the start of the court proceeding</u>.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of

the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by Paragraph 7(h), and the final pretrial order, which is governed by Paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Collateral Estoppel</u>: Annora shall produce its ANDA by **May 14, 2021**. Silvergate shall, no later than three (3) weeks after the receipt of Annora's ANDA, inform Annora of the patents and claims Silvergate is still asserting. If the Parties are unable to reach agreement on the applicability and scope of collateral estoppel resulting from the judgment entered in favor of Bionpharma in Civil Action Nos. 18-1962 and 19-1067 within three (3) weeks of Silvergate's receipt of Annora's ANDA, the Parties agree to set a reasonable schedule with respect to a motion for summary judgment of collateral estoppel that will result in briefing being completed within nine (9) weeks of the date on which Silvergate receives production of Annora's ANDA.

8. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **November 23, 2021**.

  b.  <u>Document Production.</u>

    i.  **[Defendant's Proposal]** Plaintiffs shall produce unredacted copies of all trial transcripts, post-trial briefs, and decisions from the Bionpharma and Amneal trials conducted in February 2021 (Civil Action Nos. 18-1962, 19-1067, and 19-678 (collectively "the First Wave Action"), which unredacted copies shall be maintained by Annora on an outside-counsel-only basis, by **May 17, 2021**./ **[Plaintiff's Proposal]** Silvergate does not object to Annora's request for production of unredacted trial transcripts, opinions, and related materials. However, Annora's request implicates the confidential information of defendants in Civil Action Nos. 18-1962, 19-1067, and 19-678 (Bionpharma and Amneal). Accordingly, Silvergate must follow the procedures in the Court's protective order in those cases (18-1962, D.I. 34; 19-1067, D.I. 21; 19-0678, D.I. 32), including provision of notice to Bionpharma and Amneal and the opportunity for Bionpharma and/or Amneal to seek a protective order.[1] To the extent the Court orders document production pursuant to defendant's schedule in Paragraphs 8(b)(i) and 8(b)(iii), Silvergate respectfully requests the Court's guidance on how to proceed.

---

[1] In a related action (*Silvergate v Alkem*, Case No. 19-2100), Bionpharma has indicated that it will seek a protective order related to a request for production of an unredacted copy of the decision from the February 2021 trial.

      ii.      Plaintiffs shall produce all documents produced by Plaintiffs in the First Wave Actions by **June 7, 2021**.

      iii.      **[Defendant's Proposal]** Plaintiffs shall produce all of Plaintiffs' discovery responses in the First Wave Actions, by **June 7, 2021**./ **[Plaintiff's Proposal]** Silvergate does not object to Annora's request for production of discovery responses produced in Civil Action Nos. 18-1962, 19-1067, and 19-678. However, Annora's request implicates the confidential information of defendants in Civil Action Nos. 18-1962, 19-1067, and 19-678 (Bionpharma and Amneal). Accordingly, Silvergate must follow the procedures in the Court's protective order in those cases (18-1962, D.I. 34; 19-1067, D.I. 21; 19-0678, D.I. 32), including provision of notice to Bionpharma and Amneal and the opportunity for Bionpharma and/or Amneal to seek a protective order. To the extent the Court orders document production pursuant to defendant's schedule in Paragraphs 8(b)(i) and 8(b)(iii), Silvergate respectfully requests the Court's guidance on how to proceed.

      iv.      Document production shall be substantially complete by **October 8, 2021**.

c.      <u>Default Standard for Discovery Disclosures</u>.

      i.      <u>Initial Disclosures</u>. By **May 13, 2021** the parties shall exchange Initial Disclosures pursuant to Paragraph 3 of the Default Standard.

      ii.      <u>Identification of Accused Products and Asserted Patents</u>. By **May 13, 2021**, Plaintiff shall identify the accused product(s) and the asserted patent(s) they alleged infringe, and produce the file history for each asserted patent, pursuant to Paragraph 4(a) of the Default Standard.

      iii.     <u>Production of Core Technical Documents.</u> By **May 27, 2021**, Defendant shall produce to Plaintiff the core technical documents related to the accused product(s) including, but not limited to, the latest version of Defendant's Abbreviated New Drug Application ("ANDA") and all correspondence between the Applicant and the U.S. Food and Drug Administration pertaining to the ANDA at issue, pursuant to paragraph 4(b) of the Default Standard.

      iv.     <u>Initial Infringement Contentions.</u> By **June 24, 2021**, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes, pursuant to Paragraph 4(c) of the Default Standard.

      v.      <u>Initial Invalidity Contentions</u>. By **July 28, 2021**, Defendant shall produce to Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.* publications, manuals, and patents), pursuant to Paragraph 4(d) of the Default Standard.

  d.    <u>Requests for Admission</u>.  A maximum of <u>thirty-five (35)</u> requests for admission are permitted for each side. "Side," as used in this Order, shall

      mean Plaintiff on one side and Defendant on the other. These limitations do not apply to requests for admission seeking admissions as to the identification, authentication, and/or admissibility of documents; the parties will work in good faith to agree and stipulate on authentication, to the extent possible.

e. <u>Interrogatories</u>.

    i. Consistent with Federal Rule of Civil Procedure 33(a)(1), Defendant may serve no more than <u>fifteen (15)</u> interrogatories on Plaintiff, and Plaintiff may serve no more than <u>fifteen (15)</u> interrogatories on Defendant. These limits are based on a preliminary understanding of the case and, as the case progresses, the parties may agree or approach the Court to amend these limits as necessary.

    ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    f.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>seventy (70)</u> hours of taking testimony by deposition upon oral examination.

        ii.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.[2]  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    g.    <u>Disclosure of Expert Testimony</u>.

        i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **February 4, 2022**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 18, 2022**.  Reply expert reports from the party with the intitial burden of proof are due on or before **April 15, 2022**. Sur-reply reports on validity that will be limited to Plaintiff's

---

[2] In view of the global COVID-19 pandemic, the parties agree to consider remotely conducting depositions by video conference to ensure the health and safety of witnesses and all parties involved.

response to objective evidence of nonobviousness raised in Defendant's expert reports on validity are due on or before **April 29, 2022.** No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert depositions shall be completed by **May 31, 2022.**

    ii.   <u>Expert Report Supplementation</u>.

        1.  To the extent any party engages in motion practice prior to the close of expert discovery, the parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions, to the extent the Court allows such motions).

        2.  <u>Following the close of expert discovery,</u> the parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions, to the extent the Court allows such motions).

    iii.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made as a motion *in limine* subject to the restrictions and requirements of

        Paragraph 19. Briefing on such motions is subject to the page limits set out in D. Del. LR 7.1.3.

h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts - including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

    The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

    The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

    The disputes requiring judicial attention are listed below:

        [provide here a non-argumentative list of disputes requiring judicial attention]

    iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

    iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

    v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend</u>.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.    <u>Motions to Strike</u>.

      a.      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.    <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than **September 14, 2021** two (2) weeks after the date on which Plaintiff's opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes.  The tutorial should focus on the technology in issue and should not be used for argument.  The parties may choose to file their tutorial(s) under seal, subject to any

protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than, **September 28, 2021,** one week after the date on which Defendant's answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

12. <u>Claim Construction Issue Identification</u>. On **August 9, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **August 16, 2021**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. <u>Claim Construction Briefing</u>.

   a. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **August 31, 2021.** Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **September 21, 2021**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **October 7, 2021**. Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **October 19, 2021**. No later than **October 26, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste

their unfiled briefs into a single, consolidated claim construction brief, with their positions on each claim term in sequential order, in substantially the form below:

**JOINT CLAIM CONSTRUCTION BRIEF**

    I.    Agreed-upon Constructions

    II.    Disputed Constructions

        A.  [Term 1]

            1.    Plaintiff's Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiff's Reply Position

            4.    Defendant's Sur-Reply Position

        B.  [Term 2]

            1.    Plaintiff's Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiff's Reply Position

            4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    14.    <u>Hearing on Claim Construction</u>. Beginning at _____ \_\_\_\_ \_\_.m. on **November/December_____, 2021**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is due: (i) whether they request leave to present testimony at the hearing;

14

and (ii) the amount of time they are requesting be allocated to them for the hearing. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. Interim Status Report. On **October 15, 2021**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters at issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. Supplementation. Absent agreement among the parties, and approval of the Court, no later than **November 15, 2021** the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17. Case Dispositive Motions. No case dispositive motions will be filed without leave of Court.

18. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19. Pretrial Conference. On **June/July _____, 2022** the Court will hold a pretrial conference in Court with counsel beginning at_____ _.m.. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **June ___,**

**2022**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3( d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

<ol type="a">
<li><u>a request for a specific number of <b><i>hours</i></b> for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;</li>
<li><u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;</li>
<li><u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and</li>
<li><u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.</li>
</ol>

16

20. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. <u>Trial</u>. This matter is scheduled for a four-day bench trial beginning at 8:30 a.m. on **July \_\_\_\_\_, 2022** with the subsequent trial days also beginning at 8:30 a.m. The trial day will end no later than 5:00 p.m. each day.

22. <u>Post-Trial Briefing</u>. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

23. <u>30-Month Stay Expiration</u>: October 23, 2022.

 

_____
Chief, United States District Judge