## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | |
| *Plaintiff*, | C.A. No. 20-753-LPS |
| | C.A. No. 21-196-LPS |
| v. | |
| ANNORA PHARMA PRIVATE LIMITED | |
| *Defendant*. | |
| SILVERGATE PHARMACEUTICALS, INC., | |
| *Plaintiff*, | C.A. No. 19-2100-LPS |
| v. | |
| ALKEM LABORATORIES LTD. | |
| *Defendant*. | |

## MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY BIONPHARMA INC.'S MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)(1)

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Third Party Bionpharma Inc.*

Date May 21, 2021

Third party and proposed Intervenor Bionpharma Inc. ("Bionpharma"), respectfully submits this Memorandum of Law in support of its Motion to Intervene for the limited purpose of moving for a protective order.

## I.   INTRODUCTION

Bionpharma learned recently that defendant Annora Pharma Private Limited ("Annora") in the 20-753-LPS and 21-196-LPS cases is requesting production of sealed Court's Sealed April 27, 2021 Opinion ("Sealed Opinion") in *Silvergate Pharmaceuticals Inc. v. Bionpharma Inc.* C.A. Nos 18-1962 and 19-1067 (D. Del.) ("Bionpharma Cases") and the transcripts associated with the trial held in those matters on February 1-5, 2021 ("Trial Transcripts") (collectively "Confidential Materials").[1]   Defendant Alkem Laboratories, Ltd. ("Alkem") in the 19-2100-LPS case is requesting production of the Sealed Opinion. (Annora and Alkem collectively "Defendants").

The redacted versions of the Confidential Materials are already available on the public dockets.  The redactions are very narrowly tailored and apply to Bionpharma's highly proprietary and confidential information related to research, development, commercial and technical information pertaining to its ANDA product.  In particular, Bionpharma only redacted specific formulation information for its ANDA product.  The redacted information is currently confidential and unavailable to the public and Defendants who are direct competitors of Bionpharma have no legitimate use of the Confidential Materials in the instant cases.

Bionpharma has no interest in the merits of the dispute between Silvergate Pharmaceuticals, Inc. ("Silvergate") and the Defendants, however, Bionpharma has a compelling interest in the confidentiality of the Confidential Materials.  Per this court's orders during the status

---

[1] Bionpharma is also aware of Paragraphs 8(b)(i), 8(b)(ii), and 8(b)(iv) of the Scheduling Order entered in Civil Action Nos. 20-753-LPS, 21-196-LPS ("Annora actions") (20-753 D.I. 19, Scheduling Order at 4), which require Silvergate to produce Bionpharma's Confidential Materials to Annora barring an objection from Bionpharma.

hearing on May 7, 2021 in the Annora actions, Bionpharma respectfully requests that it be allowed to intervene in this matter for the sole, limited purpose of filing a motion for protective order to maintain the confidentiality of the Confidential Materials and prevent its commercially sensitive information from falling in the hands of its direct competitors.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Bionpharma, a small generic drug company, spent enormous resources to extensively design its ANDA Product around Silvergate's Epaned® Patents and was the first generic drug company to file an ANDA seeking FDA approval to market a generic version of Silvergate's Epaned®.  Silvergate nonetheless instituted the Bionpharma Cases accusing Bionpharma's ANDA of infringing Silvergate's Epaned® Patents under 35 U.S.C. § 271(e)(2)(A).  18-1962 D.I. 1, Compl.; 19-1067 D.I. 1, Compl.  This Court ultimately held a bench trial in these cases on February 1-5, 2021, and issued its Opinion on April 27, 2021, and entered Final Judgement in Bionpharma's favor on April 29, 2021.  18-1962 D.I. 257, Opinion; D.I. 270, Final Judgment. Then pursuant to this Court's April 27, 2021 Order (18-1962 D.I. 259) requiring the parties to the Bionpharma Cases to submit proposed redactions to the Court's April 27, 2021 Opinion, and after the Court's *in camera* inspection of those redactions, a redacted version of the Opinion was filed in the public dockets in the Bionpharma Cases.

The Confidential Materials include highly proprietary and confidential information related to research, development, commercial, and/or technical information related to Bionpharma's ANDA Product – in particular, the specific formulation of Bionpharma's ANDA product.

On or about May 3 and May 5, 2021, Silvergate informed Bionpharma of requests for production from Defendants for the sealed Confidential Materials.  On May 7, 2021, following a status hearing with the Court, Silvergate advised Bionpharma that the Court had ordered Bionpharma to lodge its objection to the production of the sealed Confidential Materials on or

2

before May 21, 2021, should Bionpharma wish to be heard.   Bionpharma also met and conferred with Silvergate and Annora on May 13, 2021, and explained that the redactions were directed only to proprietary formulation of Bionpharma's ANDA product.   This information is currently confidential and unavailable to the public and Defendants who are direct competitors of Bionpharma have no legitimate use of the Confidential Materials in these cases.

Bionpharma filed its Motion to Intervene to protect its interests and to ensure that the Court had adequate time to consider its request.   Its proposed Motion for Protective Order is attached hereto as Exhibit A.

## III.   STANDARD FOR PERMISSIVE INTERVENTION

The "procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3d Cir. 1994); *see also United States v. Hirsch,* 2007 WL 1810703, at *1 n.1 (ED. Pa. June 22, 2007).   "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Whether to grant a motion for permissive intervention is within the court's discretion.   *See Pennsylvania Prison Soc'y v. Cortes,* 622 F.3d 215, 232 (3d Cir. 2010); *Hoots v. Pennsylvania,* 672 F.2d 1133, 1135 (3d Cir. 1983).  In exercising this discretion, courts consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3).   Courts therefore consider whether a movant for permissive intervention has standing, meets the commonality requirements, and has made a timely motion, and then whether intervention will unduly prejudice the parties. *See, e.g., Chester v. Wetzel,* 2014 WL 6066146, at *4 (M.D. Pa. Nov. 13, 2014) (granting the motion to intervene).

## IV.     ARGUMENT

Bionpharma should be permitted to intervene for the limited purpose of filing a motion for protective order because Bionpharma (A) has standing for permissive intervention, (B) meets the relaxed commonality requirements applied in this procedural posture, (C) filed a timely motion within the permissible deadline ordered by this court, and (D) will not unduly prejudice the parties if it is allowed to intervene for a limited purpose.  Jurisdiction is also proper.

### A.     Bionpharma Has Standing for Permissive Intervention

Bionpharma has standing to intervene in this matter because its confidential, commercially sensitive information is implicated in Defendants' discovery requests and in Paragraphs 8(b)(i) and 8(b)(ii) of at least the scheduling order entered in the Annora actions.  "[T]hird parties have standing to challenge protective order and confidentiality orders in an effort to obtain access to information or judicial proceedings."  *Pansy,* 23 F.3d at 777.  Third parties have standing even when "they assert rights that may belong to a broad portion of the public at large" if the injury alleged is "a distinct and palpable" injury to itself.  *Pansy,* 23 F.3d at 777.  Bionpharma has standing to move to intervene for a motion for protective order to keep only a very limited amount of confidential information from Defendants who are Bionpharma's direct competitors, and, as discussed at further length in its Proposed Motion for Protective Order (Ex. A), it will suffer a distinct and palpable injury to its business interests if the confidential formulations are disclosed to its direct competitors, who have no legitimate use of the information.

Bionpharma does not need an independent jurisdictional basis to intervene because it seeks only a protective order, not to litigate the merits of this dispute.  An independent jurisdictional basis for intervention is not required when the intervenor does not seek to litigate a claim on the merits.  *See Pansy,* 23 F.3d at 778 n.3.  Jurisdiction is proper in light of Bionpharma's limited-purpose intervention.

4

### B.   Bionpharma Meets the Relaxed Commonality Requirement

Bionpharma's limited-purpose intervention for a protective order over its confidential information satisfies the relaxed standard in *Pansy* for commonality.   Specificity that the intervener's claim involves the same legal theory as the main action "is not required when intervenors are not becoming parties to the litigation." *Pansy,* 23 F.3d at 778 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 474 (9th Cir. 1992)); *see also United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 157 (D. Del. 1999) (applying *Pansy's* relaxed requirement for a factual or legal nexus on a third-party's motion to intervene solely for a protective order to guard its confidential business information and granting said motion); *see also E. E.O.C. v. National Children's Center, Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citing *Pansy* for the proposition that Rule 24(b) should be construed "as an avenue for third parties 'to have their day in court to contest the scope or need for confidentiality.'").   This applies whether the movant seeks to seal or unseal portions of the record.

Under the relaxed *Pansy* standard, there is a sufficient nexus of law or fact to permit Bionpharma's intervention. Bionpharma intervenes only to protect the confidentiality of its commercially sensitive and proprietary formulation in the Confidential Materials, which have no legitimate use for Defendants.

### C.   Bionpharma's Motion to Intervene is Timely

Bionpharma understands that the Court during its status hearing on May 7, 2021, invited Bionpharma to lodge its objection if it wishes to be heard to oppose the production of Confidential Materials to Defendants.   Bionpharma's motion to intervene therefore is timely because it moved as soon as practicable, and with all due haste, after learning from Silvergate that the Bionpharma's confidential information might be disclosed to Defendants as part of these proceedings, and within the deadline ordered by the Court.   A limited-purpose intervention to modify a confidentiality or

protective order is timely and case law "allows a district court to grant permissive intervention in order to allow litigation of ancillary issues even after a case has been concluded." *Pansy,* 23 F.3d at 779. Bionpharma's motion is timely in light of the imminent disclosure of its confidential information.

### D.   The Existing Parties Will Not Be Prejudiced by Bionpharma's Intervention

Silvergate or Defendants will not be unduly prejudiced by Bionpharma's limited-purpose intervention to protect its confidential and commercially sensitive information in the Confidential Materials. "[W]here an intervenor is litigating an ancillary issue, the potential for prejudice to the original parties due to the delay in intervention is minimized." *Pansy,* 23 F.3d at 779. Bionpharma seeks to intervene to maintain confidentiality over the Confidential Materials, an issue that is ancillary to the issues being litigated in the instant actions between Silvergate and Defendants. Bionpharma arguments on the topic as to whether its Confidential Materials should be produced to Defendants will not require undue additional consideration from the existing parties.

## V.   CONCLUSION

Bionpharma has a compelling interest in protecting its confidential and commercially sensitive information describing its ANDA formulation. Rule 24(b), as applied in the Third Circuit, permits Bionpharma to intervene in this matter for that limited purpose, and Bionpharma understands that the Court has invited Bionpharma to lodge its objections if it wishes to be heard. Therefore, Bionpharma respectfully requests that this Court grant its motion to intervene so that it may be heard on its compelling interest in maintaining the confidentiality of its formulation in the Confidential Materials.

Dated:  May 21, 2021

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Third Party Bionpharma Inc.*