# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., *Plaintiff*, v. ANNORA PHARMA PRIVATE LIMITED *Defendant*. | C.A. No. 20-753-LPS<br>C.A. No. 21-196-LPS |
| SILVERGATE PHARMACEUTICALS, INC., *Plaintiff*, v. ALKEM LABORATORIES LTD. *Defendant*. | C.A. No. 19-2100-LPS |

# THIRD PARTY BIONPHARMA INC.'S
# LETTER BRIEF FOR AN ENTRY OF PROTECTIVE ORDER

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Third Party Bionpharma Inc.*

Date May 21, 2021

Dear Chief Judge Stark:

Third party Bionpharma Inc. ("Bionpharma") respectfully moves this Court for an entry of a protective order precluding the production of the Court's Sealed April 27, 2021 Opinion ("Sealed Opinion") in *Silvergate Pharmaceuticals Inc. v. Bionpharma Inc.*, C.A. Nos 18-1962 and 19-1067 (D. Del.) ("Bionpharma Cases") and the sealed portions of the transcripts associated with the trial held in those matters on February 1-5, 2021 ("Trial Transcripts") (collectively "Confidential Materials"). Defendant Annora Pharma Pvt. Ltd. ("Annora") is seeking production of the sealed portions of the Trial Transcript and the Sealed Opinion and defendant Alkem Laboratories Ltd. ("Alkem") is seeking production of the Sealed Opinion (Annora and Alkem collectively "Defendants").

Although there is a "common law right of presumptive access" to judicial proceedings and judicial records, that access must be "balanced against the factors militating against access." *Joint Stock Soc'y of UDV of N. Am. Inc.,* 104 F. Supp. 2d 390, 395 (D. Del. 2000) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)). The presumption of disclosure may be rebutted and the courts have refused to permit their judicial records as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

To determine whether "good cause" to maintain sealing of confidential material exists, a court may look to a number of things, including (1) whether disclosure will violate any privacy interests; (2) whether the party benefiting from the order of confidentiality is a public entity or official; and (3) whether the case involves issues important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). The Third Circuit has explained that good cause to seal "is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.,* 529 F. Supp. 866, 891 (E.D. Pa. 1981)).

This Court entered a Protective Order in the Bionpharma Cases (18-1962 D.I. 34; 19-1067 D.I. 21) that allowed the parties to designate proprietary business or commercial information as "Highly Confidential." 18-1962 D.I. 34, Stipulated Protective Order ("SPO") at ¶ 1(b). Throughout the Bionpharma Cases, Bionpharma designated its confidential ANDA product formulation information as "Highly Confidential" pursuant to the SPO in order to maintain the confidentiality of that information.

Here, Bionpharma only seeks to protect the confidentiality of very specific portions of the Confidential Materials that disclose the highly proprietary formulation of Bionpharma's ANDA product. *Id*. at ¶ 4. Bionpharma, despite being a small generic drug company, spent enormous resources to extensively design its ANDA product around Silvergate's Epaned® Patents and was the first generic drug company to file an ANDA product seeking FDA approval to market a generic version of Silvergate's Epaned®. Information relating to Bionpharma's ANDA is proprietary and is maintained in high confidence in light of the highly competitive pharmaceutical marketplace. As such, the proprietary formulation of Bionpharma's ANDA product is precisely the type of "confidential commercial information" that courts will protect. *See Publicker,* 733 F.2d at 1071; *see also* Fed. R. Civ. P. 26(c)(1)(G); *Mars, Inc. v. JCM Am. Corp.,* No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Courts generally protect . . . confidential research, development, or commercial information to prevent harm to a litigant's standing in the

The Honorable Leonard P. Stark
May 21, 2021
Page 2

marketplace."); *see also Zenith,* 529 F. Supp. at 890 ("Competitive disadvantage is a type of harm cognizable under Rule 26."); *Joint Stock,* 104 F. Supp. 2d at 396 (sensitive information such as "***formulas***, consumer research studies, strategic plans, potential advertising and marketing campaigns or financial information" is "entitled to confidential protection" (emphasis added)). Indeed, during trial in the Bionpharma Cases, this Court expressly found that disclosure of Bionpharma's confidential ANDA product information would "be highly prejudicial to [Bionpharma] for that information to become public," and that "a lot of it . . . will be competitively sensitive and should not in fairness ***be disclosed to potential competitors*** or members of the pubic ***or anyone who is not under the protective order in that case***." 18-1962 D.I. 193, Trial Tr. Vol. A, 40:24-41:9 (emphasis added).

Bionpharma produced its confidential information in the Bionpharma Cases with the express reliance on the SPO. Consequently, while not outcome determinative, Bionpharma's reliance on the SPO is a factor that supports denying production of Confidential Materials to Defendants. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789-90 (3d Cir. 1994); *In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-441-JJF, 05-485-JJF, 2008 WL 4861544, at *20 (D. Del. Nov. 7, 2008) ("[T]he ability to rely on the Protective Order is essential in cases involving the disclosure of highly confidential business information.").

During the meet and confer process that led to the instant motion, Annora argued that it needs the sealed portion of the Confidential Materials to assess collateral estoppel and claim construction issues. Bionpharma respectfully submits that its portion of the redactions to the Confidential Materials were applied very narrowly to only protect the identification of the highly proprietary formulation of Bionpharma's ANDA product. The redactions are very narrowly tailored and the redacted portions only conceal the identification of the specific ingredients in Bionpharma's ANDA product and do not affect in any way the claim construction or the collateral estoppel issues. Indeed, claim construction is ultimately a legal issue that focuses on the intrinsic record of the patent-in-suit, not on a competitor's highly confidential proprietary formulation information. *E.I. Du Pont de Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1068 (Fed. Cir. 2019); *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("[C]onstruction of [a] claim is independent of the device charged with infringement."). Collateral estoppel requires, *inter alia*, that "the identical issue was previously litigated." *Galderma Labs. Inc. v. Amneal Pharm.*, LLC 921 F. Supp. 2d 278, 280 (D. Del. 2012). However, Annora has failed to identify any issue in its cases that it believes was decided in the Bionpharma Cases. Thus, Bionpharma respectfully submits that Annora has failed to satisfy Rule 26(b)(1)'s relevancy requirement.

With respect to the prejudice and potential harm that would befall on Bionpharma were its confidential formulation information be accessible to Defendants, Annora offered to receive and maintain the Confidential Materials on an outside counsel eyes only basis. Bionpharma respectfully submits that Annora and Alkem are both direct competitors of Bionpharma, and they have no legitimate use for the identification of specific ingredients in Bionpharma's proprietary ANDA formulation. Moreover, the risk of inadvertent disclosure outweighs any legitimate use of the identification of the specific ingredients in Bionpharma's ANDA product. This very court has rejected similar requests for the production of judicial materials including portions of trial transcripts, finding of facts, and the like, even when the requesting party assured that the protective order would be sufficient to protect the confidentiality. *LG Display Co. v. AU Optronics Corp.*, No. CIV.A. 06-726-LPS, 2010 WL 5463305, at *1 (D. Del. Dec. 29, 2010).

The Honorable Leonard P. Stark
May 21, 2021
Page 3

Annora finally argued that Bionpharma has disclosed the sealed portion of the Confidential Materials to Amneal Pharmaceuticals, LLC ("Amneal"), who is also a competitor to Bionpharma. Bionpharma respectfully submits that disclosure to Amneal is readily distinguishable from the disclosure to either Defendants.  First, Bionpharma and Amneal exchanged the information under a Joint Defense Agreement, which provided an additional layer of security against inadvertent disclosure.  In addition, the disclosure to Amneal was made out of necessity and for the Court's benefit to effectuate a consolidated trial in which Bionpharma and Amneal could both participate. These factors, which justified limited disclosure to Amneal, do not exist in the instant cases.

As such, if Bionpharma's request for protective order against disclosure of the Confidential Materials is not granted, then Bionpharma could suffer a clearly defined, substantial and specific harm.  For instance, Annora or Amneal, who are facing infringement claims, could use Bionpharma's highly confidential formulation information to redesign their ANDA products into products that are more similar to Bionpharma's ANDA product, which has been found by this Court to not infringe Silvergate's patents.  18-1962 D.I. 270, Final J.  Indeed, this Court has expressly found that disclosure of Bionpharma's highly confidential ANDA product formulation "should not in fairness be disclosed to potential competitors or members of the public or anyone who is not under the protective order in the case."  18-1962 D.I. 193, Trial Tr. Vol. A, 40:24-41:9; *see also, In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (finding the risk of inadvertent disclosure high, justifying a protective order, when an attorney is involved in competitive decisionmaking with a client, including activities such as "product design."). Accordingly, Bionpharma has a legitimate interest in protecting the identification of the highly proprietary formulation of its ANDA product in the Confidential Materials.

Bionpharma has considered the comprehensive analysis required by the decision in *In re: Avandia Marketing Sales Practices & Products Liability Litigation*, 924 F.3d 662, 672-73 (3rd Cir. 2019), and respectfully submits that the presumption of the common law right of access has been rebutted.  Thus, Bionpharma respectfully requests the Court for an entry of a protective order precluding the production of Confidential Materials that disclose the highly proprietary formulation in Bionpharma's ANDA product from disclosure to Bionpharma's direct competitors.

Respectfully,

/John C. Phillips, Jr./
John C. Phillips, Jr. (#110)

cc: Counsel of Record (by CM/ECF and email)