IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANNORA PHARMA PRIVATE LIMITED, <br><br> Defendant. | C.A. No. 20-753 (LPS) <br> C.A. No. 21-196 (LPS) |

### NON-PARTY AMNEAL PHARMACEUTICALS LLC'S
### MOTION TO INTERVENE AND FOR A PROTECTIVE ORDER

Pursuant to Paragraph 8(b)(iv) of the Scheduling Order in the above-captioned actions (D.I. 19 in 20-753) ("Annora Schedule"), non-party Amneal Pharmaceuticals LLC ("Amneal") respectfully moves to intervene, to the extent appropriate, and for a protective order. Amneal objects to the production to Annora Pharma Private Limited ("Annora") of (1) unredacted copies of the trial transcripts, post-trial briefs, and decisions from the Amneal trial conducted in February 2021 in the First Wave Actions (defined therein) and (2) all of Plaintiff Silvergate Pharmaceuticals, Inc.'s ("Silvergate") discovery responses containing highly confidential information regarding Amneal's ANDA product formulation (hereafter "Highly Confidential ANDA Information") in the First Wave Actions. *See* Annora Schedule ¶ 8(b)(i), (iii).

Per the Stipulated Protective Order in the First Wave Actions, Amneal respectfully requests a protective order prohibiting disclosure to Annora of its Highly Confidential ANDA Information. *See* D.I. 32 ¶ 19 in C.A. No. 19-678; D.I. 40 ¶ 5 in C.A. No. 20-1255 ("First Wave Protective Order"). In the First Wave Actions, Amneal consistently maintained that its Highly

Confidential ANDA Information is sensitive business information that could result in competitive and business harm to Amneal if disclosed to competitor third parties, which was supported by the Declaration of Bryan Sommese. *See* D.I. 201 at ¶¶ 3-5 in in C.A. No. 19-678; *see also* D.I. 200 at 3-4 in C.A. No. 19-678. As reflected in the Sommese Declaration, disclosure of Amneal's Highly Confidential ANDA Information to Annora, even on an outside counsel eyes' only basis, would provide an undue competitive advantage to Annora. Amneal respectfully requests that the Court reject Annora's request for Amneal's Highly Confidential ANDA Information.

**I.      Background**

On February 1-5, 2021, the Court held a consolidated bench trial in the First Wave Actions related to Silvergate's claims against both Amneal and Bionpharma Inc. ("Bionpharma"). During the trial, the Court agreed to seal the courtroom at the parties' request when confidential information was disclosed – this included Amneal's Highly Confidential ANDA Information.[1] Because of the consolidated nature of the trial, Amneal and Bionpharma each consented to their respective in-house representatives being permitted to attend the sealed portions of the trial so long as any such representatives agreed to and were subject to the First Wave Protective Order. D.I. 145 in C.A. No. 19-678, at 10:22-11:21.

After trial, Amneal moved to seal limited portions of the trial transcripts in order to prevent disclosure of its Highly Confidential ANDA Information to the public, including to other competitors. *See generally* D.I. 200 at 3-4 in C.A. No. 19-678. In accordance with the First Wave Protective Order and the Local Rules, Amneal similarly filed its post-trial briefing

---

[1] Sealing of the courtroom during portions of the consolidated trial was consistent with the parties' discussion with the Court at the pre-trial conference regarding what information may be sealed during trial. D.I. 145 at 18:18-19:24 in C.A. No. 19-678.

2

under seal and redacted from the public versions of the submissions its Highly Confidential ANDA Information.

On May 6, 2021, Silvergate informed Amneal of Annora's requests for the documents at issue. On May 7, 2021, Amneal promptly gave notice to Silvergate and the Court that Amneal objected to the production. D.I. 17 in C.A. No. 20-753. The Court subsequently ordered that Silvergate produce these materials by June 7, 2021, and further directed that any third party objecting to such production lodge its objections by May 21, 2021. Annora Schedule ¶¶ 8(b)(i), (iii), (iv). The parties, including Annora and Bionpharma, subsequently met and conferred, but were unable to resolve the dispute. Accordingly, Amneal timely objects to the production of its Highly Confidential ANDA Information and respectfully requests entry of a protective order.

## II.     Amneal Has Standing to Intervene

To the extent that the Court has not yet authorized intervention via its order in the Annora Schedule, Amneal's motion meets the standards for permissive intervention.[2] Amneal has standing, meets the commonality requirements, has made a timely motion, and the motion will not unduly prejudice the parties. *See e.g.*, *Chester v. Wetzel*, C.A. No. 08-1261, 2014 WL 6066146, at *4 (M.D. Pa. Nov. 13, 2014). Amneal has standing to intervene under Fed. R. Civ. P. 24(b) based at least on the Court's authorization for third parties to submit objections to Annora's request, as well as the risk of injury to Amneal (*see infra* Section III), and the motion is timely as it is submitted by the Court's deadline. Annora Schedule ¶ 8(b)(iv). Amneal's motion also meets the commonality requirements, as Amneal intervenes only to protect the

---

[2] Similarly, to the extent formal intervention is needed, Amneal respectfully requests that the Court treat this submission (including its proposed order) as the accompanying pleading that sets out its request for a protective order, or otherwise permit Amneal to make such a submission. *See* Fed. R. Civ. P. 24(c).

3

confidentially of its commercially sensitive Highly Confidential ANDA Information. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (internal citations omitted). Furthermore, Amneal's motion will not unduly prejudice the parties as Amneal seeks to maintain the confidentiality of its Highly Confidential ANDA Information, which is an issue that is ancillary to the claims and defenses between Silvergate and Annora. *See id.* at 779 ("[W]here an intervenor is litigating an ancillary issue, the potential for prejudice to the original parties due to the delay in intervention is minimized.").

### III.    Legal Standards for Seeking Protective Order

A party seeking an order of protection over discovery material must demonstrate that good cause exists for the protective order. *Pansy*, 23 F.3d at 786. Good cause is established by showing that disclosure will cause a clearly defined or serious injury, and the injury must be shown with specificity. *See id.* at 786-87. The Third Circuit evaluates whether good cause exists based on several non-exhaustive factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*See id.* at 787-91. As explained below, good cause exists to reject Annora's request for documents containing Amneal's Highly Confidential ANDA Information based on the *Pansy* factors.

a.   **Disclosure of Amneal's Highly Confidential ANDA Information Will Violate Amneal's Privacy Interests**

The disclosure of Amneal's Highly Confidential ANDA Information will violate Amneal's privacy interests in protecting its highly confidential business sensitive information (*Pansy* factor 1).

Amneal considers its product formulations to be highly confidential business sensitive information. *See* D.I. 201 at ¶¶ 3-5 in in C.A. No. 19-678. If the specific ingredients in Amneal's ANDA product are disclosed to Annora's outside counsel, it could provide Annora's counsel with a competitive advantage as to the relative strength of their case, as compared to Amneal's. This could result in an unfair competitive advantage to Annora, for example, in Annora's analysis about its own settlement posture. Indeed, to grant Annora's request would undo Amneal's efforts to protect its confidential information, particularly information that could, if disclosed, that would harm its competitive standing. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d. Cir. 1988); *see also Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012) (citations omitted).

Annora asserts that because Bionpharma's outside counsel was present at trial when Amneal's confidential information was discussed, then that supports Annora's request for the same confidential information. That is not correct. Annora's position is not analogous to that of Bionpharma. Amneal and Bionpharma jointly participated in a consolidated trial that necessitated, from a logistical standpoint at a minimum, that their respective outside counsel have access to each others' confidential information in order to facilitate the orderly progression of the trial. While, as noted, Amneal's and Bionpharma's in-house representatives were present during the sealed portions of the trial, only their outside counsel received copies of any sealed records of the proceedings.

5

Here, Amneal does not have a shared trial with Annora. Just because Amneal's and Bionpharma's outside counsel were present for the presentation of confidential information during a separate shared trial, it does not follow that Annora's outside counsel should be privy to the same confidential information in an entirely different litigation.

      **b.**    **Disclosure of Amneal's Highly Confidential ANDA Information Will Not Promote Fairness and Efficiency**

If Amneal's Highly Confidential ANDA Information is provided to Annora, it would not promote efficiency because Annora has its own formulation, and presumably has its own non-infringement case, which is a separate and independent factual issue (*Pansy* factor 5). Simply put, there is no need for Annora's outside counsel to receive Amneal's Highly Confidential ANDA Information as it is not relevant or proportional to the needs of Annora's case under Fed. R. Civ. P. 26(b)(1).

To the extent that there may be overlapping issues in the Annora case – such as invalidity and/or prosecution history estoppel – the trial testimony and post-trial briefs related to those issues are in the public domain. Amneal did not seek to seal any portions of the trial transcripts related to invalidity or prosecution history estoppel, and the public post-trial submissions related to invalidity include minimal redactions of Silvergate's Highly Confidential information that do not include Amneal's Highly Confidential ANDA Information. *See* D.I. 179, 180, 188, 189. Therefore, the information related to any common issues that could promote efficiency in the Annora case are already readily accessible to Annora and its outside counsel.

      **c.**    **Disclosure of Amneal's Highly Confidential ANDA Information Is Not Important to the Public Interest**

Annora's request to obtain Amneal's Highly Confidential ANDA Information weighs against the *Pansy* factors related to public interest. The disclosure of this information is not important to public health and safety (*Pansy* factor 4) and Amneal is not a public entity or

6

official (*Pansy* factor 6). Thus, Amneal's private interest in maintaining the confidentiality of its commercially sensitive formulation information vastly outweighs the minimal public interest of disclosure to Annora.

## IV. Conclusion

For the foregoing reasons, Amneal respectfully requests the Court grant, to the extent appropriate, Amneal's request to intervene and enter a Protective Order, substantially similar to the proposed order attached hereto, granting Amneal's motion and denying Annora's request for the documents containing Amneal's Highly Confidential ANDA Information.

Dated: May 21, 2021

*Of Counsel*:

MADDOX EDWARDS, PLLC
Steven Maddox, Esq.
Jeremy Edwards, Esq.
Matthew Ruedy, Esq.
Kaveh Saba, Esq.
Anthony Son, Esq.
1900 K Street NW, Suite 725
Washington, D.C. 20006
(202) 830-0707
smaddox@meiplaw.com
jedwards@meiplaw.com
mruedy@meiplaw.com
ksaba@meiplaw.com
ason@meiplaw.com

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

  /s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Amneal Pharmaceuticals LLC*

28155333.1