**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 20-753 (LPS) |
| | C.A. No. 21-196 (LPS) |
| ANNORA PHARMA PRIVATE LIMITED, | |
| Defendant. | |

**ANNORA PHARMA PRIVATE LIMITED'S MEMORANDUM IN OPPOSITION TO
BIONPHARMA'S AND AMNEAL'S MOTIONS TO INTERVENE AND FOR A
PROTECTIVE ORDER**

I.      **INTRODUCTION**

Annora submits this Memorandum in Opposition to Bionpharma's and Amneal's proposed motions for protective orders to entirely prevent Annora—more specifically its outside counsel—from accessing a discrete set of important documents concerning litigation involving the same patents and defenses at issue in this matter.  These documents directly inform the application of collateral estoppel in this action, as well as Plaintiff's interpretation and application of the claim language of the asserted patents.  Their relevance is not credibly disputed.  Meanwhile, Bionpharma and Amneal do not address why outside counsel cannot be expected to uphold their commitment to maintaining the confidentiality of those documents.  Annora should not be forced to speculate about core aspects of Plaintiff's prior positions or the Court's ultimate decision, and thus Bionpharma's and Amneal's motions (*see* C.A. No. 20-753-LPS, D.I. 25-27.) for protective orders should be denied.

II.     **THE REQUESTED MATERIALS ARE RELEVANT**

The only documents at issue are trial transcripts, post-trial briefs, decisions, and Plaintiff's responses to discovery requests from Civil Action Nos. 18-1962, 19-678, and 19-1067 ("the First Wave Actions").  These materials—which Annora has agreed to accept on an outside-counsel basis[1]—are unquestionably relevant to Annora's defenses in this case.

---

[1] Well before submission of the Proposed Scheduling Order (D.I. 16), on February 15, 2021, Annora contacted Bionpharma and Amneal to request transcripts from the First Wave trial on an outside-counsel-only basis.  Not having received a response, Annora followed up on February 23, 2021.  Bionpharma and Amneal never responded to that request either.  For these reasons, Bionpharma's references to the Court's entry of a protective order in the First Wave Action to prevent ***public*** disclosure are misguided.  (D.I. 26 at 2.)

First, these documents are necessary for Annora to fully assess the applicability and scope of collateral estoppel in this Action—a fact-intensive inquiry.  *See Biogen Int'l GmbH v. Amneal Pharm. LLC*, 487 F. Supp. 3d 254, 262-63 (D. Del. 2020) ("[Collateral estoppel] is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules.").  This Court's recently issued decision in the Bionpharma Action involved resolution of issues relating to Bionpharma's formulation and noninfringement of the buffer limitation, but information concerning this issue is redacted.  (*See, e.g.*, C.A. No. 18-1962-LPS, (D.I. 268).)  Annora also has noninfringement arguments related to the buffer element.  The redacted information is necessary for Annora to confirm the applicability and scope of estoppel.

Second, Annora is entitled to have an accurate understanding of what positions Plaintiff took in the earlier litigations to ensure it is consistent with the positions it takes in its litigation against Annora.  The discrete set of documents at issue provides this information.  And it is simply impossible for Annora to have a complete understanding of Plaintiff's positions without outside counsel for Annora receiving access to these documents.  Again, Annora should not be forced to litigate in the dark.[2]

### III.   BIONPHARMA AND AMNEAL FAILED TO ESTABLISH THEIR BURDEN TO DENY ACCESS TO THE REQUESTED MATERIALS

Bionpharma and Amneal have failed to satisfy their burden to demonstrate that Annora's outside counsel should not have access to the requested materials.  "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of

---

[2] Bionpharma suggests the issue of collateral estoppel boils down entirely to an issue of claim construction.  (D.I. 26 at 2.)  But the applicability of prosecution history estoppel is not the same as claim construction and Bionpharma's argument is fundamentally flawed.

information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller, M.D. v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotations omitted). "The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984).

Furthermore, for a protective order to issue, good cause must be established. The Third Circuit reviews the following factors to determine if there is good cause:

> 1. whether disclosure will violate any privacy interests; 2. whether the information is being sought for a legitimate purpose or for an improper purpose; 3. whether disclosure of the information will cause a party embarrassment; 4. whether confidentiality is being sought over information important to public health and safety; 5. whether the sharing of information among litigants will promote fairness and efficiency; 6. whether a party benefitting from the order of confidentiality is a public entity or official; and 7. whether the case involves issues important to the public.

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (footnote omitted) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)). Here, Annora does not seek unbridled access, but merely access for its outside counsel.[3] Bionpharma and Amneal have failed to demonstrate that access by Annora's outside counsel poses any concern whatsoever.

First, disclosure will not violate Bionpharma and Amneal's privacy interests (*Pansy* factor 1). Courts routinely use outside-counsel-only designations to protect confidentiality interests. *See Blackbird Tech LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. CIV.A. 15-53-RGA, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) ("Where parties are represented by outside counsel, courts have little trouble balancing the harms in protective order disputes, often readily concluding that

---

[3] The common law presumes that **the public** has a right of access to judicial materials. *In re Avandia Mktg.*, 924 F.3d at 672 (emphasis added); *Nixon v. Warner Commc'n*, 435 U.S. 589 (1978).

the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information."); *U.S. Ethernet Innovations LLC v. Acer Inc*, No. C 10-03724 CW (LB), 2014 WL 988757, at *4 (N.D. Cal. Mar. 7, 2014) (granting disclosure because any alleged concerns about "harm by disclosure of its confidential information to its competitors is assuaged by production" on an outside-counsel-only basis).

Bionpharma and Amneal argue that the disclosure of the First Wave Materials will cause them competitive harm because Annora has an interest in their respective formulations. They are wrong. First, the requested materials will never reach Annora. Annora agreed to receive them on an outside-counsel-only basis months before the current despite arose. Second, Annora already designed its formulation long ago. Bionpharma and Amneal have not identified any commercial rationale for Annora to start again from scratch. Thus, Bionpharma and Amneal have failed to demonstrate any credible risks with the requested disclosure. That should end the inquiry.

Bionpharma and Amneal also fail to acknowledge that they have already disclosed the requested materials in a way that poses a far greater risk of improvident use. As Amneal confirms, in-house counsel of both Bionpharma and Amneal were present for the sealed portions of the trial.

(D.I. 27 at 2, 5.)[4]  Producing this material to outside counsel for a competitor poses a far less risk than disclosure to a competitor's representative.[5]

The cases relied upon by movants are readily distinguished.   In *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010), the court was asked to decide whether to include a patent prosecution bar in the negotiated protective order.  There the risk of inadvertent disclosure existed because counsel was highly involved in both the litigation and prosecution of the relevant technology.  *Id.*  Here, Annora's outside counsel seeks the First Wave Materials solely for litigation purposes in this matter.  In *LG Display Co. v. AU Optronics Corp.*, No. CIV.A. 06-726-LPS, 2010 WL 5463305, at *1 (D. Del. Dec. 29, 2010), third-party Anvik, was seeking to modify an existing protective order in a case to which it was not even a party.  Anvik had filed patent infringement actions in New York and was awkwardly seeking to intervene in an unrelated Delaware action that

---

[4] Amneal argues disclosure could provide Annora with a competitive advantage as to the relative strength of their case, as compared to Amneal's, which could result in an unfair competitive advantage to Annora in settlement discussions.  (D.I. 27 at 5.)  First, Amneal's arguments are so speculative and vague as to preclude response.  Second, Amneal has not identified any case law to suggest such speculations warrant precluding outside counsel of another party from accessing core information relative to its dispute.  Third, Amneal fails to explain how this supposed risk was not present when it permitted disclosure of its formulation information to ***in-house counsel*** of another direct competitor.  "[R]estrictions on access to confidential documents . . . will not be imposed absent some specific, identifiable showing and not on the basis of broad generalizations of potential harm" such as "the possibility of inadvertent disclosure."  *Warner Chilcott Labs Ireland Ltd. v. Impax Labs, Inc.*, No. CIV. A. 08-6304 WJM, 2009 WL 3627947, at *3 (D.N.J. Oct. 29, 2009); *see also Iconfind, Inc. v. Google, Inc.*, No. S:2:11-CV-0319-GEB, 2011 WL 3501348, at *4 (E.D. Cal. Aug. 9, 2011) (refusing to include prosecution bar because "There is no reason for the court to believe that [receiving party's] counsel will not strictly follow the protective order and refrain from using, either inadvertently or intentionally, [the movant's] confidential information.").

[5] The existence of a joint defense agreement between Bionpharma and Amneal is a non-sequitur. (D.I. 26 at 2.)  Bionpharma does not identify any protections stronger than those Annora agreed to from the outset—outside counsel only access.  This argument is even more strained when viewed in context of Bionpharma's disclosure of this information to ***in-house counsel*** of its direct competitor, Amneal.  (D.I. 27 at 2.)

happened to involve the defendants it was suing in New York in an effort to obtain discovery from them. *Id.* As the moving party, Anvik bore the burden of demonstrating good cause for modification of the protective order. *Id.* at *4. And the Court found that Anvik "ha[d] not even demonstrate[d] that [the requested] documents [were] relevant to the New York Action." *Id*. Moreover, Anvik had the ability to seek the information during the course of discovery in its own New York Action. *Id*. Thus, *LG Display Co.* involves the exact opposite situation as here, where Annora is a party to the instant action and the evidence it seeks is unquestionably relevant.

With respect to the second *Pansy* factor, Annora seeks disclosure for a legitimate purpose. As discussed in Section II, Annora's outside counsel seeks review of the First Wave Materials so that it can accurately assess the applicability and scope of collateral estoppel in this Action and accurately understand Plaintiff's positions in the First Wave Actions.

With respect to the third *Pansy* factor, the disclosure poses no risk of embarrassment. Amneal and Biopharma do not argue otherwise.

With respect to the *Pansy* factors four and seven focused on public interests, the disclosure is sought to expedite and efficiently resolve Annora's case, which promotes greater public access to generic drug alternatives.[6]

Finally, the disclosure promotes fairness and efficiency (*Pansy* factor 5). Annora's request allows its outside counsel to fully assess the applicability and scope of collateral estoppel in this matter. The request is intended to avoid redundant litigation and thereby promote fairness and efficiency. Contrary to Amneal and Bionpharma's assertions, the discrete set of documents sought by Annora are relevant and proportional to the needs of this Action. Thus, all of the factors support

---

[6] Factor 6 is inapplicable in this case.

disclosure of the limited number of requested documents Annora has agreed to accept on an outside-counsel-only basis.

## IV.     CONCLUSION

For the foregoing reasons, Annora respectfully submits Bionpharma's and Amneal's motions for protective orders to deny *outside-counsel-only access* to the requested information should be denied.

Dated: May 26, 2021

Respectfully submitted,

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (No. 4952)
Ronald P. Golden III (No. 6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Phone: (302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

Of Counsel:

Todd S. Werner
Sarita M. Matheson
CARLSON, CASPERS, VANDENBURGH, &
LINDQUIST, P.A.
225 South Sixth Street
Suite 4200
Minneapolis, MN 55402
Phone: (612) 436-9600
*twerner@carlsoncaspers.com*
*smatheson@carlsoncaspers.com*

*Attorneys for Defendant Annora*